UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT WAYNE SCROGGINS      CIVIL ACTION NO. 11-cv-1563

VERSUS      JUDGE FOOTE

U.S. ATTORNEY GENERAL, ET AL      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Based on a report from an arresting officer, Special Assistant U.S. Attorney John S. Odom, Jr. filed a bill of information that charged Robert Scroggins with stealing, from the Base Exchange at Barksdale Air Force Base, two Coke Zeros, one Diet Coke, and one Andis hair trimmer kit. Scroggins appeared in court to be arraigned. The court noted concerns about his competency. The Government moved for dismissal of the charge, which the court granted that same day.

Three days later, Scroggins tendered to the Clerk of Court what appears to be a long, handwritten letter addressed to the Clerk. Its content includes a stated desire to go to trial before a jury, a general complaint about prosecutor Odom, and general discussion of matters ranging from religion to television shows to the class colors of his 1971 graduating class at Booker T. Washington High School. The Clerk of Court treated the submission as a complaint in a civil action against the U.S. Attorney General, Barksdale Air Force Base, and the Base Exchange. Scroggins has since filed hundreds of pages of documents and made additional observations.

Neither the letter nor any of the other submissions is a proper complaint that clearly identifies a defendant or defendants, alleges facts that establish an actionable claim, and demands relief that could be afforded in such a civil action. To the extent Scroggins is seeking to assert a Bivens action or similar claim against the Attorney General or prosecutor Odom, the prosecutors are entitled to absolute immunity in regards to actions taken within the scope of their professional duties, such as instituting criminal charges. See Van de Kamp v. Goldstein, 129 S.Ct. 855, 861 (2009); Imbler v. Pachtman, 96 S.Ct. 984 (1976); and Villegas v. Galloway, 2012 WL 45417 (5th Cir. 2012) (dismissing claims against federal prosecutors based on absolute immunity). There are no other viable civil claims evident on the face of the pleadings.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed with prejudice** for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of February, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE